UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

YEOMANS CHICAGO CORPORATION,   )
an Illinois corporation,   )
   )
         Plaintiff,   )
   )
     v.   )        12 C 6822
   )
GOULDS PUMPS, INCORPORATED,   )
a Delaware corporation,   )
   )
         Defendant.   )

## <u>MEMORANDUM OPINION</u>

CHARLES P. KOCORAS, District Judge:

Now before the Court is Defendant Goulds Pumps Incorporated's ("GPI") motion to stay. For the following reasons, the motion is denied.

## BACKGROUND

On August 24, 2012, Plaintiff Yeomans Chicago Corporation ("YCC"), an Illinois corporation, filed the instant lawsuit against GPI for breach of contract ("Federal Action"). According to the complaint, YCC and GPI entered into a Product Line Acquisition Agreement (the "Acquisition Agreement") on February 27, 1996 (the "Closing Date"). The Acquisition Agreement provided for YCC's purchase of GPI's assets used in the production, marketing, and sale of the "Morris Pumps" product line. The Acquisition Agreement included a provision memorializing GPI's obligation to

defend and indemnify YCC against product liability or warranty claims related to Morris Pumps products shipped prior to the Closing Date.

Since the Closing Date, YCC maintains that it has been sued in twenty lawsuits ("YCC lawsuits") alleging products liability as a result of exposure to asbestos found in Morris Pumps products. The Morris Pumps products underlying each of the YCC lawsuits were shipped prior to the Closing Date. YCC notified GPI of the lawsuits, as required under the Acquisition Agreement. GPI refused to defend or indemnify YCC. YCC now seeks a declaratory judgment that GPI's refusal to indemnify or defend the YCC lawsuits violated the Acquisition Agreement. YCC invokes the Court's subject-matter jurisdiction under diversity jurisdiction. 28 U.S.C. § 1332.

GPI is also a plaintiff in *Cannon Electric, Inc. et al. v. Affiliated FM Insurance Co., et al.*, Case No. BC 290354 ("California Action"), a lawsuit pending before the Superior Court in the State of California ("Superior Court"). The California Action was initiated on February 13, 2003 and is a multi-party insurance coverage action involving approximately twenty subsidiaries or operating units of ITT Corporation, including GPI, as plaintiffs and thirty-three insurance companies that issued various insurance policies to the plaintiffs. On September 28, 2012, GPI sought leave to file a Sixth Amended Complaint in the California Action to add YCC as a defendant. The State Court granted the motion on November 6, 2012, making YCC one of two non-insurance company

defendants. In the California Action, GPI seeks a declaration that YCC's co-defendant Employers Insurance of Wausau ("Wausau"), is obligated to defend and indemnify YCC against asbestos suits under the Acquisition Agreement. YCC represents that it has presented to the Superior Court a motion to stay or dismiss the California Action on *forum non conveniens* grounds. To the Court's knowledge, the Superior Court has not ruled on the motion.

On October 15, 2012 – after it filed its motion to amend the complaint with the Superior Court, but before the Superior Court granted the motion – GPI filed a motion for extension of time with this Court to answer or otherwise plead in the instant suit. We granted the motion three days later and extended the time to answer or plead until December 4, 2012. On December 4th, GPI filed the motion to stay pending the resolution of the California Action.

## LEGAL STANDARD

Federal courts have an "unflagging obligation" to exercise the jurisdiction granted to them. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). A federal court may nevertheless decline to exercise jurisdiction under exceptional circumstances when a parallel action in state court is pending, in consideration of judicial economy and the comprehensive disposition of litigation. *Id.* A stay is only appropriate where "clearest justifications" and "exceptional

circumstances" exist that warrant abstaining from jurisdiction. *AAR Int'l., Inc. v. Nimelias Enter.*, 250 F.3d 510, 517 (7th Cir. 2001). Any substantial doubt that a state court proceeding will adequately resolve the issues between the parties must be resolved in favor of exercising jurisdiction. *Id.* at 520 (*citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983).

## DISCUSSION

GPI argues that a stay in the Federal Action is appropriate under the *Colorado River* abstention doctrine. The *Colorado River* doctrine permits federal courts to defer to a "concurrent state proceeding" in the interest of "wise judicial administration." *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 497 (7th Cir. 2011) (*quoting Colorado River*, 424 U.S. at 818). Determining whether abstention under *Colorado River* is appropriate requires us to engage in a two-part inquiry. *Id.* at 498. First, we must determine if the concurrent state and federal actions are "actually parallel." *Tyrer v. City of South Beloit*, 456 F.3d 744, 751 (7th Cir. 2006). If the actions are parallel, the Court must assess whether "exceptional circumstances" justify abstention. *Adkins*, 644 F.3d at 498.

## I. Parallel Actions

Two suits are parallel under *Colorado River* if "substantially the same parties are contemporaneously litigating substantially the same issues." *Tyrer*, 456 F.3d at 752. State and federal lawsuits need not be precisely symmetrical to be parallel. *Id.* Rather,

we look to "whether the suits involve the same parties, arise out of the same facts and raise similar factual and legal issues." *Id.* "In essence, the question is whether there is a 'substantial likelihood that the state litigation will dispose of all claims presented in the federal case.'" *Adkins*, 644 F.3d at 499 (*quoting Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004)).

Both the California and Federal Actions seek a declaration related to the same issue: which party is contractually obligated to defend and indemnify YCC against asbestos claims under the Acquisition Agreement for Morris Pumps shipped prior to the Closing Date. YCC seeks a judgment that GPI is liable under the Acquisition Agreement, while GPI asks the Superior Court to find that Wausau is responsible. Although YCC correctly points out that the California Action involves numerous additional parties that present factual and legal issues expanding well beyond the confines of the Acquisition Agreement, that alone does not defeat a finding that the proceedings are parallel. *See Schneider Nat'l Carriers, Inc. v. Carr*, 903 F.2d 1154, 1156 (7th Cir. 1990). Because resolution of the California Action would dispose of the issue underlying the Federal Action, we find that the two actions are indeed parallel.

## II.    *Colorado River* Factors

We next examine whether "exceptional circumstances" justify abstention under *Colorado River*. *Adkins*, 644 F.3d at 500. Abstention is appropriate only if exceptional circumstances present "the clearest of justifications" to abstain from exercising

jurisdiction. *Id.* (*citing Moses H. Cone*, 460 U.S. at 25-26) (quotation omitted). We

consider the following ten non-exclusive factors:

> (1) whether the state has assumed jurisdiction over property; (2) the
> inconvenience of the federal forum; (3) the desirability of avoiding
> piecemeal litigation; (4) the order in which jurisdiction was obtained by
> the concurrent forums; (5) the source of governing law, state or federal;
> (6) the adequacy of state-court action to protect the federal plaintiff's
> rights; (7) the relative progress of state and federal proceedings; (8) the
> presence or absence of concurrent jurisdiction; (9) the availability of
> removal; and (10) the vexatious or contrived nature of the federal claim.

*Tyrer*, 456 F.3d at 755 (citation omitted). We balance these factors with a presumption

of exercising jurisdiction. *Moses H. Cone*, 460 U.S. at 16. This presumption is

underscored by a federal court's duty to exercise jurisdiction where a plaintiff chooses

to litigate its claim in the federal forum. *See New Orleans Public Service, Inc. v.

Council of City of New Orleans*, 491 U.S. 350, 358-59 (1989) ("The right of a party

plaintiff to choose a Federal court where there is a choice cannot be properly denied.")

(citation omitted).

That interest is particularly pertinent here. YCC strongly prefers to try its case

in this forum. YCC is an Illinois-based company, and as demonstrated by its pending

demurrer and motion to stay or dismiss before the Superior Court on *forum non

conveniens* grounds, it wishes to have a court in Illinois dispose of the matter.

Furthermore, we agree with YCC that the circumstances surrounding the California

Action – a multi-party, multi-issue, ten-year old case – inspire little confidence that the

Superior Court can resolve the liability issues arising from the Acquisition Agreement any more efficiently than this Court.

With YCC's interest in pursuing its claim in this forum firmly established, we assess GPI's motion to stay under the *Colorado River* factors. Both parties agree that the first factor is not in play here since neither Illinois nor California have assumed jurisdiction over any property in dispute. We therefore proceed to the remainder of the factors.

## A.      Factor 2: The Inconvenience of the Federal Forum

We consider "whether the inconvenience of the federal forum is so great that this factor points toward abstention." *Moses H. Cone*, 460 U.S. at 19. GPI cites no reason why litigating the dispute in the federal forum would be exceptionally onerous. To the contrary, this Court has exercised jurisdiction over three lawsuits involving GPI, both as plaintiff and defendant, since 1998. *See e.g., Goulds Pumps Inc. v. Gen Pump/US Inc.*, Case No. 98-cv-4498; *Goulds Pumps Inc. v. Gould & Assoc. Inc.*, No. 99-cv-8305; *Woods v. A.W. Chesterton Co.*, No. 11-cv-1952. Accordingly, this factor weighs in favor of retaining jurisdiction.

## B.      Factor 3: The Desirability of Avoiding Piecemeal Litigation

GPI's argues that a stay would avoid piecemeal litigation. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Tyrer*, 456 F.3d at 755 (citation omitted). Here,

determining who is obligated to defend or indemnify YCC against asbestos claims under the Acquisition Agreement is the underlying issue in both the Federal and California Actions. This creates the likelihood that the parties would duplicate their efforts in both actions which may quite possibly result in conflicting decisions. Accordingly, our desire to avoid duplicative litigation and conflicting results between the California and Federal Actions favor a stay.

C.   **Factor 4: The Order in Which Jurisdiction Was Obtained by the Concurrent Forums**

YCC filed the Federal Action complaint on August 24, 2012. GPI's motion for leave to file a sixth amended complaint to add YCC to the California Action as a defendant was granted on November 6, 2012. Because this Court obtained jurisdiction more than two months before the Superior Court did, this factor favors retaining jurisdiction.

D.   **Factors 5 and 6: The Source of Governing Law, State or Federal; and the Adequacy of the State-Court Action to Protect the Federal Plaintiff's Rights**

Both parties acknowledge that Illinois law governs the Acquisition Agreement. We have no reason to believe that the Superior Court is more or less equipped to analyze the parties' contractual rights and obligations under Illinois law. *See Genworth Life Ins. v. Davis*, 2011 U.S. Dist. LEXIS 47188, at \*16 (N.D. Ill. May 3, 2011) (*citing Evanston Ins. v. Jimco, Inc.*, 844 F.2d 1185, 1193 (5th Cir. 1988) ("[T]he presence of

state law issues weighs in favor of surrender [of jurisdiction] only in rare circumstances.")). Furthermore, YCC's claim is premised on diversity jurisdiction and will be disposed of on the basis of Illinois law. *See Genworth Life*, 2011 U.S. Dist. LEXIS 47188, at \*17 (*citing Evanston*, 844 F.2d at 1193). These factors are therefore neutral.

**E.     Factor 7: The Relative Progress of State and Federal Proceedings**

The Federal Action was commenced on August 24, 2012. YCC was added to the California Action on November 6, 2012. Given that YCC's claims in the Federal Action have a head start of two and a half months over GPI's claim against YCC in the California Action, nothing indicates that the California Action is any closer than the Federal Action to resolving the underlying issues. *See Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 702 (7th Cir. 1992). Indeed, the sheer number of parties and claims involved in the California Action and the apparently stagnant pace of litigation in the now ten-year old case cautions us to refrain from abstention.

**F.     Factor 8: The Presence or Absence of Concurrent Jurisdiction**

Although YCC indicates that it has not waived any arguments pertaining to the Superior Court's personal and subject-matter jurisdiction over it or GPI's claim, we have no indication that the Superior Court has dismissed YCC from the California

Action for want of jurisdiction. Accordingly, we have no reason at this point to question the Superior Court's jurisdiction over the California Action.

## G. Factor 9: The Availability of Removal

Under this factor, we must determine whether the federal plaintiff will retain his right to litigate in federal court if the action is stayed. *Evans Transp. Co. v. Scullin Steel Co.*, 693 F.2d 715, 719 (7th Cir. 1982). Because the Federal Action is premised on diversity jurisdiction and at least one of the parties in the California Action is deemed a resident of the state of California, removal to the federal forum would not be available to YCC. *See* 28 U.S.C. § 1441(b)(2). Accordingly, this factor disfavors a stay.

## H. Factor 10: The Vexatious or Contrived Nature of the Federal Claim

GPI argues that YCC's federal claim is vexing and contrived because YCC filed a similar lawsuit against GPI in Cook County Circuit Court in 2005, which YCC voluntarily dismissed in 2006. *See Yeoman's Chicago Corporation v. Clow Water Systems Company, et al*, Case No. 05CH07098. Any inference that YCC lacked good faith in bringing the Federal Action would be purely speculative, and we decline to follow GPI down that path. GPI further insinuates that YCC brought the Federal Action only after it learned that GPI raised similar issues against Wausau in the California Action. We deem this allegation unfounded at best and disingenuous at worst, since it is GPI who is attempting to drag YCC into the California Action after YCC had first filed suit in this Court. Accordingly, this factor disfavors abstention.

## III.    Summary of the *Colorado Factors*

In sum, two factors favor our abstention (factors 3 and 8) while the rest favor retaining jurisdiction (factors 2, 4, 7, 9 and 10) or are neutral (factors 1, 5 and 6).  In consideration of our "unflagging obligation" to exercise jurisdiction and YCC's strong interest to litigate its claim in its chosen forum, we find that the "exceptional circumstances" necessary for abstention are not present in this case.  *See Tyrer*, 456 F.3d at 755 (finding that the district court did not abuse its discretion by not exercising jurisdiction where several of the *Colorado River* factors strongly favored abstention); *see also AXA Corp. Solutions v. Underwriters Reinsurance Corp.*, 347 F.3d 272, 279 (7th Cir. 2003) (holding that "exceptional circumstances" did not justify abstention despite the high risk of piecemeal litigation, the inconvenience of the federal forum, and the source of governing law favoring abstention).  GPI's motion to stay is therefore denied.

## CONCLUSION

For the foregoing reasons, GPI's motion to stay the case is denied.

_____
Charles P. Kocoras
United States District Judge

Dated:    February 21, 2013